[Civ. No. 3917.  First Appellate District, Division Two.—November 9,
1921.]

## H. J. WINKIE, etc., Respondent, v. WALTER RALEY, Appellant.

[1] BROKER'S COMMISSIONS—PROCURING ACCEPTANCE OF EXCHANGE—
RIGHT OF RESCISSION FOR FRAUDULENT REPRESENTATIONS—INSTRUC-
TION.—In an action to recover a broker's commission on an ex-
press contract to procure the acceptance of defendant's offer
to exchange real property, it was not error to refuse to give
defendant's requested instruction as to his legal right to rescind
the contract if plaintiff had falsely represented to him the value
of the property which was proposed to be taken in exchange,
where the instruction omitted the elements of knowledge of the
falsity of the representations on the part of the plaintiff and
reliance upon them by the defendant, and also assumed that the
representations were statements of fact rather than expressions
of opinion.

[2] ID.—ASCERTAINMENT OF VALUE OF PROPERTY—DUTY OF BROKER—
INSTRUCTION.—An instruction requested by the defendant that it
was plaintiff's duty to honestly inform his principal of the value
of the property which was proposed to be taken in exchange, and
that if he failed to do so and falsely represented such value the
defendant was not required to examine the property, but could

rely upon plaintiff's statements, was properly refused, since it omitted the essential element of knowledge on the part of plaintiff and reliance upon the part of defendant, and was subject to the further objection that the contract did not cast upon plaintiff any duty of ascertaining value.

APPEAL from a judgment of the Superior Court of Santa Clara County. F. B. Brown, Judge. Affirmed.

The facts are stated in the opinion of the court.

Owen D. Richardson for Appellant.

Ralph C. McComish and W. R. Biaggi for Respondent.

NOURSE, J.—Plaintiff sued to recover a broker's commission on an express contract to procure the acceptance of defendant's offer to trade certain real property for certain described real property belonging to one Turner. The complaint alleged the execution of the contract by which plaintiff agreed to procure the acceptance by Turner; that plaintiff did procure such acceptance in accordance with the terms of the contract, but that defendant refused to effect the trade and has failed to pay the commission agreed upon. The answer admitted the execution of the contract, but alleged that it was procured by the fraud of plaintiff consisting of misrepresentations made by plaintiff to defendant of the value of the property which Turner proposed to trade to defendant, and that prior to the acceptance by Turner the defendant on discovering the alleged fraud rescinded the contract and gave notice of such rescission to the plaintiff. The case was tried before a jury and plaintiff obtained a verdict for twelve hundred dollars, the amount of the commission agreed upon, and from the judgment following the verdict defendant has prosecuted this appeal. Three grounds of error are assigned, all relating to instructions which the trial court gave or refused to give to the jury.

[1] The first assignment of error covers the refusal of the trial court to give to the jury the instruction requested by defendant as to the legal right of the appellant to rescind the contract if respondent had falsely represented to him the value of the Turner property which was proposed to be taken in the exchange. The instruction proposed omits the

elements of knowledge of the falsity of the representations on the part of the respondent and reliance upon them by appellant. It also assumes that the representations as to the value of the property were statements of fact rather than expressions of opinion. But the subject matter of these representations was fully covered in the instruction which the court gave, and which was most favorable to appellant.

[2] The second assignment of error relates to the refusal of the trial court to give an instruction proposed by the appellant to the effect that it was the duty of respondent to honestly inform his principal of the value of the Turner property, and if the jury should find that he did not do so, but that he falsely represented the value to his principal, the appellant was not required to make an examination of the property but that he could depend upon the statements of his agent. This instruction, like the one just considered, omits the essential element of knowledge on the part of respondent and reliance upon the part of appellant. It is subject to the further objection that the contract did not cast upon respondent any duty of ascertaining the value of the property proposed to be exchanged or of informing appellant of such value. The evidence plainly showed that appellant was given every opportunity to inform himself on the matter of value and that respondent did not at any time pretend to represent to appellant that he had made any examination for the purpose of determining the value of the property or that he had any independent knowledge thereof.

Furthermore, in the instruction which will hereafter be considered the trial court did, on the request of appellant, instruct the jury that, if they found that the representations as to value were made by respondent, that they were false, that respondent knew them to be false when made, and that appellant was induced to enter into the contract by reason of such false representations, the jury should find for the appellant. This was all that appellant could ask for on the issue of false representation, because by this the jury was instructed to find for the appellant even though he had not rescinded the contract before complete performance.

The third assignment of error relates to the modification of the instruction just considered, whereby the trial court

eliminated from the instruction as proposed by appellant the following words, "or was made in reckless disregard of its truth or falsity." There was no evidence of any nature which would have justified the jury in finding that the statements as to the value of the property were made in reckless disregard of their truth or falsity, and the trial court properly modified the instruction as proposed.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 7, 1921.